IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOUIS A. BROWN, § | | |
| BOP Register No. 28561-034, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | No. 3:20-cv-1129-E-BN | |
| § | | |
| K. ZOOK, Warden, § | | |
| § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Petitioner Louis A. Brown, a federal prisoner, convicted in the Eastern District of Louisiana but at the time incarcerated at a facility in this district, filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 challenging the denial of jail time credit. *See* Dkt. Nos. 3 & 5. Brown specifically appears to allege that he is entitled to additional days of credit for his arrest on February 25, 2016 and release the next day and for time he served beginning on November 3, 2016. *See* Dkt. 5 at 1.

United States District Judge Ada Brown referred this case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The government filed a response to the habeas petition, arguing that Brown is not entitled to the relief he seeks. *See* Dkt. Nos. 10 & 11. Brown failed to respond, and it is well past the deadline to do so. *See* Dkt. No. 8.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should deny the habeas petition.

The response sets out the undisputed facts as to Brown's sentencing credit claims:

> On February 22, 2006, Petitioner was sentenced in the Eastern District of Louisiana to a 160-month term of imprisonment. This sentence was reduced to a 120-month term of imprisonment and Petitioner released from that sentence on May 16, 2012. [Dkt. No. 11 (App.)] pp. 4-8; 9. On November 3, 2016, Petitioner was arrested in Jefferson Parrish, Louisiana on case numbers 16-2650, 16-2651, and 16-7314. Petitioner bonded from state custody to U.S. Marshals Service (USMS) custody on August 2, 2017. App. pp. 10-14.
> On October 16, 2017, while in federal custody, Petitioner was sentenced in state case numbers 16-2650, 16-2651, and 16-7314 to a total 10-year term of imprisonment and given credit for time spent in custody beginning on November 3, 2016. App. pp. 15-39. On February 8, 2018, Petitioner was sentenced for the Supervised Release Violation by the Eastern District of Louisiana to a 51-month term of imprisonment. The Judgment and Commitment Order ordered this 51-month term to run concurrently with the state terms. App. pp. 40-41.
> The Bureau of Prisons (BOP) prepared a sentence computation for Petitioner on March 12, 2018, based on a 51-month term of imprisonment beginning on February 8, 2018, the date the sentence was imposed. App. pp. 42-44. Petitioner's sentence calculation was computed to reflect all time spent in custody from May 23, 2003 through May 29, 2003, February 25, 2016 through February 26, 2016, and November 3, 2016 through February 7, 2018.
> Subsequently, on October 29, 2019, staff at the Designation and Sentence Computation Center were made aware of Petitioner's state sentences and updated his sentence computation to reflect a concurrent sentence. During the review, it was found the Petitioner was not entitled to *Willis* or *Kayfez* credits due to the full term date of the state sentences ending well past the full term date of the federal sentence. App. pp. 45-46. Petitioner's federal sentence computation was then corrected to reflect time spent in custody from May 23, 2003, through May 29, 2003, which was not credited toward any other sentence, as well as for time spent in primary federal custody from August 2, 2017, through February 7, 2018. Petitioner is projected to earn 229 days of good conduct time (GCT) on this term. This computation results in a projected release date of March 7, 2021. App. pp. 42-44.

Dkt. No. 10 at 1-2.

"Section 2241 is the proper procedural vehicle if a prisoner 'challenges the

execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).

The BOP calculated Brown's sentence as beginning on February 8, 2018, the date that it was imposed, and awarded him prior custody credit for various periods of time, as explained above. But Brown has not shown that he is entitled to the additional credit that he now seeks.

Regarding the BOP not crediting Brown for his time in state custody from November 3, 2016 to August 1, 2017,

> [t]he sovereign which first arrested the offender has primary jurisdiction over the offender, unless that sovereign relinquishes it to another sovereign by, for example bail, release, dismissal of state charges, parole release, or expiration of state sentences. Where a convicted federal prisoner claims credit for time served in a state jail or prison, the burden is on the prisoner to establish that the state confinement was exclusively the product of such action by federal law enforcement officials so as to justify treating the state jail time as the practical equivalent of a federal one. Even then, if he receives credit for the time he served against the state charges, none is to be granted against the federal sentence.

*Ramirez v. Upton*, No. 1:07cv961, 2010 WL 519731, at *3 (E.D. Tex. Feb. 9, 2010) (citations omitted).

> Indeed, the statute applicable to pretrial jail credits provides:
>
> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>  (1) as a result of the offense for which the sentence was imposed; or
>  (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

"Under this subsection, 'the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing.'" *Gibbs v. Mejia*, No. 3:15-cv-946-N-BN, 2016 WL 8711727, at *2 (N.D. Tex. Nov. 15, 2016) (quoting *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009)), *rec. accepted*, 2016 WL 8711734 (N.D. Tex. Dec. 16, 2016); *see also United States v. Bernal-Gloria*, 732 F. App'x 322, 322 (5th Cir. 2018) (per curiam) ("[A] district court is not authorized to decide the amount of credit that a defendant receives. Rather, the Attorney General, through the Bureau of Prisons, determines what credit, if any, is awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." (citations omitted)).[1]

Brown was not in federal custody until August 2, 2017. And the State of Louisiana credited to his state sentence Brown's custody from his arrest, on November 3, 2016, to August 1, 2017. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November

---

[1] *Cf. In re U.S. Bureau of Prisons, Dep't of Justice*, 918 F.3d 431, 439 (5th Cir. 2019) ("Confusion sometimes arises ... when a defendant requests that the district court award credit for time served [prior to the date his federal sentence commences] and the court purports to grant or deny this request at sentencing. Because the district court lacks the authority to award or deny credit, the BOP is not bound by its decision. The sentencing court does 'retain residual authority' to consider a defendant's time in custody. If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit." (citations omitted)).

1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972))).

As to his arrest and release by unspecified authorities in February 2016, Brown similarly does not explain how the BOP, under Section 3585(b), is required to credit him with this time in custody.

And, considering Brown's raw state sentence of 10 years against the 51-month sentence imposed for his federal supervised release violation, Brown has not shown he meets the *Willis* credit exception to the rules specified in Section 3582(b).

*Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), "recognized an exception to the pre-sentence credit rule" set out in Section 3582(b) that occurs "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date," which exception entitles an inmate to "receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (per curiam) (citation and footnote omitted); *see also Kayfez v. Gasele*,

993 F.2d 1288, 1289-90 (7th Cir. 1993); BOP Program Statement 5880.28.

The BOP considered this exception and found it not applicable. *See* Dkt. No. 11 at 5 (¶ 15). This conclusion is not in error. As the United States Court of Appeals for the Fifth Circuit explained, where the petitioner's concurrent state and federal sentences were postured similarly to Brown's,

> [Petitioner] High asserts that he is excepted from § 3585(b)'s double-credit prohibition because his concurrent state sentences were fully discharged in 2009, causing his nonfederal full-term date to become shorter than his federal full-term date of 2021. To the contrary, High's early discharge from state custody had no bearing on his applicable nonfederal full-term date because the BOP calculates a prisoner's time-served credits as of the date he enters federal custody using his "raw" (as-imposed) nonfederal full-term date, not the date on which his nonfederal sentence actually expires. Because at the time he entered federal custody High's "raw" 70-year state term of incarceration dwarfed his concurrent 30-year federal sentences, the BOP correctly determined that he was not entitled to double credit for the 582 days he spent in presentence state detention.

*High v. Maiorana*, 668 F. App'x 122, 123 (5th Cir. 2016) (per curiam) (citations omitted).

In sum, because the BOP correctly credited Brown with time under Section 3585(b), the Court should deny his Section 2241 petition.

## Recommendation

The Court should deny Petitioner Louis A. Brown's application for a writ of habeas corpus under 28 U.S.C. § 2241.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. And any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: February 19, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE